# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

LEGAL MAIL
Provided to Florida State Prison on
1 18 22 for mailing by

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

DA'SHAUN BROOKS,

Third Amendedcomplaint

Inmate ID Number: 1140839,

_____,

*(Write the full name and inmate ID number of the Plaintiff.)*

**Case No.:** 4:21-cv-182-WS/MJF
*(To be filled in by the Clerk's Office)*

**v.**

C.D. ELIAS,

C.D. SAILOR,

**Jury Trial Requested?**
☑ **YES**   ☐ **NO**

_____,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

_____/

FILED USDC FLND PN
JAN 21 '22 PM 1:42  GM

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: __Nashaun Brooks__   ID Number: __H40839__

List all other names by which you have been known: _____

_____

Current Institution: __Florida State Prison__

Address: __P.O. Box 800__

_____ __Raiford, Florida 32083-0800__

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: __ELIAS__

   Official Position: __Correctional Officer__

   Employed at: __Wakulla Correctional Institution Annex__

   Mailing Address: __110 Melaleca Drive__

   __Crawfordville Fl. 32327-4963__

   ☒ Sued in Individual Capacity   ☐ Sued in Official Capacity

2. Defendant's Name: _____ SAILOR

   Official Position: Correctional Officer

   Employed at: Wakulla Correctional Institution Annex

   Mailing Address: 110 melaleca Drive

   Crawfordville Fl. 32327-4963.

   ☒ Sued in Individual Capacity      ☐ Sued in Official Capacity

3. Defendant's Name: _____ JAMINSON

   Official Position: Correctional Captain

   Employed at: Wakulla Correctional Institution, Annex

   Mailing Address: 110 melaleca Drive

   Crawfordville Fl. 32327-4963.

   ☒ Sued in Individual Capacity      ☐ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by*

   *attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the
"deprivation of any rights, privileges, or immunities secured by the
Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of*
*Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal
officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)　　☒ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee　　　　　☐ Civilly Committed Detainee

☒ Convicted State Prisoner　　☐ Convicted Federal Prisoner

☐ Immigration Detainee　　　 ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.* You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

1) Defendant Sailor a Correctional Officer at Wakulla Corr. Inst. at all times material was a Correctional Officer and was acting under color of state law.

2) Defendant Elijah a Correctional Officer at Wakulla Corr. Inst. at all times material was a Correctional Officer and was acting under color of state law.

3) Defendant Jaminson a Captain at Wakulla Correctional Inst. at all times material was a Correctional Captain. acting under color of state law.

4) On January 4th 2021, the Plaintiff was housed in J-Dormitory Cell 2202, an administrative confinement unit, at Wakulla Correctional Institution.

5) At approx. 1515-1545 hrs the Plaintiff declared a " Psychological Emergency" to C.O. Sailor in accord with departmental policy.

6) C.O. Sailor then opened Plaintiff's cell door port flap and instructed Plaintiff submit to hand restraints. Plaintiff complied with C.O. Sailors' orders.

**Statement of Facts Continued** *(Page 2 of 5 )*

7.) C.O. Sailor then got on the radio and requested that the control booth roll cell J 2202, without placing Plaintiff's cellmate Kirk Lewis in hand restraints, nor without having a second officer present which are both required by departmental policy.

8.) The Plaintff was escorted down the tier and further down a flight of stairs. When Plaintiff reached the bottom of the stairs, Plaintiff proceeded to lay down on the floor, while verbally requesting to speak to the Officer In Charge (O.I.C.) who on January 4th 2021 was Captain Jaminson.

9.) Plaintiff was not being combative nor was Plaintiff verbally or physically threatening C.O. Sailor.

10.) C.O. Sailor stood next to the Plaintiff while getting on his radio to request additional staff assistance.

Statement of Facts Continued    p. 3 of 5

11.) C.O. Elijah responded to the call for assistance.

12) Upon entering the quad C.O. Elijah emmediately proceeded to grab the collar of Plaintiff's shirt and the waistband of Plaintiff's pants in order to lift Plaintiff off of the floor and repeatadly slamming Plaintiff back down on the concrete floor.

13.) Plaintiff instinctively and in reaction to this assault and battery, and in response to the well founded fear Plaintiff was experiencing tried to roll away from C.O. Elijah in order to protect himself. Plaintiff will note that C.O. Elijah is approximately 6'7" and weighs nearly 385 lbs.

14) C.O. Sailor who up to this point stood next to Plaintiff joined into the assault and battery of Plaintiff as C.O. Elijah slammed his knee down onto the Plaintiff's neck pinning him to the floor with his excessive weight.

15) Plaintiff was trying to call for help to no avail as the weight of C.O. Elijah and C.O. Sailor had cut off his airway, effectively making it so he could not breath.

16) The Officer in Charge (O.I.C) Captain Jaminson entered J. Dormitory.

17) After observing C.O." Sailor and Elijah's actions he exited the wing without comment nor action.

18) When Captain Jaminson returned he did so with leg restraints (shackles), wherein he placed them on the Plaintiff's ankles in an extremely tight manner and without double locking them to prevent them from tightening further on the Plaintiff's ankles as they ended up doing.

Statement of Facts Continued   p. 4 of 5

19) Plaintiff was then escorted to J2 wing shower #1, with much difficulty as Plaintiff was suffering from the effects of oxygen deprivation as a result of C.O. Elijah kneeling on his neck, also from the assault and battery, and the shackles being intentionally clamped down on Plaintiff's ankles causing multiple lacerations and edema.

20) Sgt. Curry and C.O. Stanley responded with the hand held video camera.

21) Due to Plaintiff's condition which was clearly observed by Sgt. Curry he deemed Petitioner non-ambulatory, suffering from dizziness & shortness of breath he felt it necessary to obtain a wheelchair to escort Plaintiff to medical.

22) Plaintiff was seen by medical personel in which all of his requests to have his injuries documented, photographed was denied by medical staff.

23.) The shackles were removed and Plaintiff was escorted back to J2202.

24) Plaintiff would have this court note that Plaintiff was never seen by mental health to address and evaluate him for his psychological emergancy in violation of policy and procedure.

25.) Plaintiff filed Informal Grievance Log # 122-2101-0060 on January 5th 2021.

26.) Said Informal Grievance was approved, as to

Statement of Fact's Continued - P 5 of 5.

The Standpoint That. A) The Incident will be forward to The office of Inspector General. B) A copy of The DVD From The Everfocus video and Audio of The Incident will Be Preserved.

27) Plaintiff Then filed Formal Grievance Log #2101-510-185, on January 25th 2021

28) On January 25th 2021 Plaintiff's formal Grievance was Returned without action referencing Plaintiff's Informal Grievance.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

Count 1: Claim of Excessive Force Pursuant to the Eighth Amendment Against C.O. Elijah and C.O. Sailor.

1) Petitioner reasserts the facts set forth in paragraphs 1-28.

See Continued pages 2-4

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Petitioner seeks relief from current closed Management Restraint and monetary damages in the amount of $5 Million towards C.O. Elijah, $5 million towards C.O. Sailor, and $1 Million towards Captain Jaminson. See attached p. 2 of 2

Relief Requested  p. 2 of 2.

The basis for the claims is compensation for injuries suffered as a result of the actions or inactions at the hands of the three Defendants. Plaintiff reasserts Facts stated herein and claims stated herein as evidence that warrant Petitioners request for damages.

Statement of claims continued p.3 of 4

reckless and wanton disregard of Plaintiffs well being and life.

2.) Count 2: Claim of Failure to Protect Pursuant to The Eighth Amendment Against Captain Jaminson and C.O. Sailor.

3.) C.o. Sailor clearly acted with deliberate indifference by not stoping C.O. Elijah while he was using excessive force on Plaintiff. Not only did C.O. Sailor have a constitutional duty to protect Plaintiff he had a duty to act under the circumstances as specified by rule (Ch.33 F.A.C) but also as a reasonable and prudent person in his official compacity. That which is the care, custody, and control of the Plaintiff.

4.) Captain Jaminson whom was the officer in charge acted in violation of Plaintiffs Eigth Amendment by nonfeasance wherein he did not perform the duty upon which he swore to abide by. He should have emmedietely assesed the situation. directed C.O. Elijah to remove his knee from Ptitioners neck and didn't. Instead he left the area to allow the assault and battery of Plaintiff to continue.

5.) Count 3: Claim of Abuse Pursuant to Article I, Section 2 Prisoner Rights against C.O. Elijah, C.O. Sailor, Captain Jaminson.

6.) Plaintiff reassents all facts set forth in p. 1-28

Statement of Claims Continued    p. 2 of 4

7.) C.O. Elijah did while acting under the color of state law use excessive force by knowingly, willingly, and deliberately taking unlawful actions against Petitioner that C.O. Elijah knew or should have known would cause or could cause great bodily harm or even possibly death.

8.) C.O. Elijah's conduct was grossely negligant and even maliciouse wherein C.O. Elijah grabbed Plaintiff's shirt collar and waistband of Petitioners pants and began lifting the Plaintiff up off the concrete and slamming him back down multiple times while the Plaintiff was still in hand restraints. This action was an intentional act undertaken volitionally to achieve the goal of nothing other than physical harm upon the Plaintiff.

9.) C.O. Elijah continued his conciouse disregard of his duties and his willingness to violate the Petitioners constitutional rights by then slamming the knee of his 6'7", 385lb frame down on Petitioners neck. Then using his body weight C.O. Elijah continued his menacing act by assuring his body weight was cutting off Plaintiff's ability to breath.

10) CO. Sailor who also acting under the color of state law was up to a point deliberately indifferent to C.O. Elijah's unconstitutional and illegal actions joined C.O. Elijahs assault and battery by also using unecessary excessive force to pin Plaintiff's body to the concrete.

11.) Plaintiff's Eighth Amendment right to be free of Cruel and Unusual Punishment in this case has been violated by both C.O Elijah and C.O. Sailors

statement of claims continued p. 4 of 4

12) Claim 4: Claim of Battery Pursuant to §784.03 Fla. Statutes. Against C.O. Elijah and C.O. Sailor.

13.) Plaintiff reasserts the facts in p. 1-28.

14.) C.O. Elijah by his intentional actions committed unlawful physical violence upon Plaintiff without Plaintiffs consent and did intentionally and offensively touch Plaintiff and did create wrongful physical contact with Plaintiff without his consent, that resulted in some injury, offended the Plaintiff, and caused extreme fear and discomfort.

15.) C.O. Sailor by standing by without stopping this malicious conduct and then becoming party to such conduct, this sensless application of extreme violence for nothing other than a criminal purpose is also guilty of violating said law as an accessory by aiding and abbetting the battery by C.O. Elijah. C.O. Sailor was not just an accessory but an accomplice as he knowingly and voluntarily participated in the commision of a crime against Plaintiff.

16.) The Everfocus video and audio preserved by Plaintiff will show as evidence this complete act and actions of C.O. Sailor and C.O. Elijah.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.  PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  To the best of your knowledge, have you had any case dismissed for a

reason listed in § 1915(g) which counts as a "strike"?

☐ YES  ☒ NO

If you answered yes, identify the case number, date of dismissal and

court:

1.  Date:_____Case #: _____

Court: _____

2.  Date:_____Case #: _____

Court: _____

3.  Date:_____Case #: _____

Court: _____

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits in either ***state or federal court*** dealing with

the same facts or issue involved in this case?

☐ YES  ☒ NO

If you answered yes, identify the case number, parties, date filed, result

*(if not still pending)*, name of judge, and court for each case *(if more*

*than one)*:

1.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relating to the conditions of your confinement?

☑ YES ☒ NO

If you answered yes, identify all lawsuits:

1.  Case #: 2:21-cv-0048- Parties: Do'shaw Broofs.
    ^Jes-MnM^

Court: Middle District of Fl Judge: JES - MhM .

Date Filed: 9-6-21 Dismissal Date *(if not pending)*: pending

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

3.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 1-18-22 Plaintiff's Signature: Da'Shaun Brooks

Printed Name of Plaintiff: DA' SHAUN BROOKS

Correctional Institution: Florida State Prison

Address: P.O. Box 800

Raiford Florida 32083 - 0800

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the __18__ day of __January__, 20 __22__.


Signature of Incarcerated Plaintiff: _Dashaun Brooks_

DaiShawn Brooks #140639

Florida State Prison
P.O.Box 800
Raiford Fl.32083-

RECEIVED JAN 24 2022

Mailed F... tate
Correctio... tut...

United States Dis...
Court.
1N.Palafox Stree...
Pensacola, Fl.32...

LEGAL MAIL

LEGAL MAIL
Provided to Florida State Prison on
1/18/22 for mailing by