# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

DA'SHAUN BROOKS ,

Inmate ID Number: H40839 ,

_____,

*(Write the full name and inmate ID
number of the Plaintiff.)*

**v.**

ELIAS ,

SAILOR ,

_____,

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

_____ /

4th Amended Complaint

**Case No.:** 4:21-cv-182-WS/MJF
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☒ **YES**  ☐ **NO**

FILED USDC FLND PN
FEB 25 '22 PM 1:13 GM

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: NA'SHAUN BROOKS   ID Number: H40839

List all other names by which you have been known: _____

_____

Current Institution: Florida State Prison

Address: P.O. Box 800   Raiford, Florida

32083

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Elias (Christian name unavailable to Plaintiff)

   Official Position: Correctional Officer

   Employed at: Wakulla Correctional Institution

   Mailing Address: _____

   _____

   ☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

2. Defendant's Name: _Sailor ( Christian name unavailable) to Plaintiff_

Official Position: _Correctional Officer_

Employed at: _Wakulla Correctional Officer_

Mailing Address: _____

_____

☒ Sued in Individual Capacity      ☐ Sued in Official Capacity

3. Defendant's Name: _____

Official Position: _____

Employed at: _____

Mailing Address: _____

_____

☐ Sued in Individual Capacity      ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)        ☐ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee            ☐ Civilly Committed Detainee

☒ Convicted State Prisoner      ☐ Convicted Federal Prisoner

☐ Immigration Detainee          ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

1.) On January 4th 2021 at approximately 14:10 hrs. while I was housed at Wakulla Correctional Institution in 1-Dormitory, Wing 2 cell 202 Plaintiff declared a psychological emergency as Officer Sailor was making security rounds.

2.) C.O. Sailor then opened my cell door flap and instructed me to submit to hand restraints.

3.) C.O. Sailor did not place hand restraints on my cell mate Kirk Lewis in accordance with DOC policy.

4.) C.O. Sailor then directed the Officer in the control booth to breech cell J2202. This was a direct violation of DOC policy as two officers are to be present while breeching any door.

5.) Upon reaching the lower tier near the bottom of the stair well Plaintiff proceeded to lay on the floor.

6.) Plaintiff requested that a white shirt (which is a reference to someone in authority of Lieutenant

**Statement of Facts Continued** *(Page ___2___ of ___4___)*

or higher) be called.

7) C.O. Sailor by way of his radio requested assistance in J2.

8) C.O. Elias immediately responded to the call.

9) Upon entering wing 2 C.O. Elias grabbed Plaintiff by the collar of his shirt and the waistband of his pants whereby C.O. Elias proceeded to pick the Plaintiff up off of the ground several feet and slam Plaintiff back down onto the concrete floor.

10) C.O. Elias did this multiple times.

11) Plaintiff attempted to roll away from C.O. Elias to escape this assault.

12) As the Plaintiff rolled away he was able to bring himself to a standing position.

13) C.O. Sailor was standing right by and the Plaintiff was begging him to stop C.O. Elias assault numerous times.

14) C.O. Sailor then grabbed the Plaintiff

Statements of Facts Continued ( Page 3 of 4)

by the Plaintiff's shirt trying to snatch him to him.

15.) C.O. Sailor's hand then slipped off the Plaintiff's shirt.

16.) C.O. Elias immediately rushed the Plaintiff and with the assistance of C.O. Sailor once again slammed the Plaintiff to the ground.

17) C.O. Elias pinned the Plaintiff to the concrete by placing his knee on the Plaintiff's neck and upper torso, while C.O. Sailor pinned his legs.

18) The Officer In Charge (OIC) Captain Jamimson then arrived on scene.

19.) Captain Jamimson after observing what was going on immediately left Wing 2 and returned a short time later with leg restraints.

20.) Captain Jamimson placed the leg restraints on extremely tight and then did not double lock them to prevent them from tightening, which they did, making it very difficult and painful to walk.

21) Plaintiff was then picked up and escorted to the Wing shower. \ Shower 1.

22) Sgt Lamy and C.O. Staley then arrived with the handheld camera per Use of force protocol.

23.) Due to Sgt Lamy's observations of obvious injury a wheelchair was retrieved and utilized to escort the Plaintiff to medical for a post Use of force medical examination.

Statement of Facts Continued (Page 4 of 4)

24). During this examination Plaintiff requested that his injuries to his neck, back, wrists, and ankles be photographed and documented. A request that was refused by medical and security personell.

25.) Plaintiff was then escorted back after the shackles leg restraints were removed to prevent further injury.

26.) Plaintiff was placed back in cell J2202.

27.) Plaintiff was never treated for his psychological emergancy.

28.) Plaintiff immediately filed Informal Grievance Log # 122-2101-0060.

29.) Said Grievance was approved on January 7th, 2021 and forwarded to the Inspector General for investigation.

30.) Plaintiff also filed Formal Grievance Log # 2101-510-185.

31.) Plaintiff was interviewed by the Office of the Inspector General whereupon the IG showed the Plaintiff the security footage video/audio that shows everything attested to as fact herein.

32) Plaintiff does not know the outcome of the investigation as DOC officials are impeeding Plaintiffs ability to obtain a copy of the results.

33.) Plaintiff files the instant claims.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1) Claim 1:) Excessive Force claim under the 8th Amendment against C.O. Elias.

2) Petitioner will reassert and reaffirm Section IV, 8-22

3) Petitioners 8th Amendment right to be free

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

1.) Plaintiff seeks Compensatory damages from Defendant Elias in the amount of $150,000.00.

2.) C.O. Elias's actions while on duty and the reckless disregard for the Plaintiff's well being

V. Statement of Claims ( Page 2 of 4)

from cruel and unusual punishment was violated when C.O. Elias while acting under the color of state law did infact as evidenced in video footage repeatedly pick the Plaintiff up several feet off the floor and then slammed him down onto the concrete. C.O. Elias then did infact slam the Plaintiff onto the ground after the Plaintiff tried to escape this nefarious onslaught of assaults. Thus placing his very large (6'3", 380lbs) frame on Plaintiff's neck. C.O. Elias a trained Correctional officer knew or should have known that his actions were illegal and unnecessary, but would, could, and did cause the Plaintiff injury.

4) C.O. Elias acted deliberately with complete and utter disregard for rules, policies, procedures, laws, and the Constitution with his actions.

5.) C.O. Elias violated Ch. 33-208 F.A.C, Ch.33-601.243 F.A.C., Ch.33-602.101 F.A.C., Ch.33-602.210 F.A.C.

6.) C.O. Elias violated the Civil Rights of Institutionalized Persons Act

7.) C.O. Elias has violated the Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment.

8.) C.O. Elias has violated the United Nations Standard Minimum Rules for the Treatment of Prisoners. (Nelson Mandela Rules)

V. Statement of Claime (Page 3 of 4)

9.) C.O. Elias has violated the Constitution of the State of Florida Article I.

10.) C.O. Elias has violated Federal and State Laws concerning assault and battery.

11.) Claim 2:) Failure to intervene Claim under the 8th Amendment against C.O. Sailor.

12.) Plaintiff reasserts and reaffirms Section IV, 8-21.

13.) Petitioners right in accordance with the 8th Amendment, that right to be free from and the prohibition against cruel and unusual punishment has been violated by C.O. Sailor.

14.) C.O. Sailor had an inherent duty to know and familiarize himself with the rules, regulations, policies, and procedures of the Department. (He further had a duty while acting under the color of state law) to abide by and enforce said rules.

15.) On the date of the incident herein C.O. Sailor while on duty, while in uniform, while acting under the color of state law knowingly, and willfully completely disregarded his sworn duty.

16.) C.O. Sailor stood silent while C.O. Elias repeatedly picked the Plaintiff up and slammed him down onto the concrete floor.

17.) C.O. Sailor in contravention to his duty to impose care custody and control

V. Statement of Claims (Page 4 of 4)

sat stoic and mute while Plaintiff was being assaulted and battered by C.O. Elias

18) The video and audio will and does clearly show C.O. Sailor do nothing, and say nothing to intervene or stop C.O. Elias.

19.) C.O. Sailor failure to intervene, and complicitness added to the Plaintiffs injuries rather than prevent, this continued assault that was causing injury to the Plaintiff.

20.) C.O. Sailor violated Ch. 33 - 208 F.A.C. Ch. 33 - 601. 243 F.A.C., Ch. 33. 602.101 F.A.C. Ch. 33 - 602. 210 F.A.C.

21.) C.O. Sailor violated the Civil Rights of Institutionalized Persons Act

22.) C.O. Sailor has violated the Convention Against Torture and other Cruel, Inhumane or Degrading Treatment or Punishment

23.) C.O. Sailor has violated the Mandela Rules. United Nations Standard Minimum Rules for the Treatment of Prisoners

24.) C.O. Sailor has violated the Constitution of the State of Florida Article 1

25.) C.O. Sailor has violated Federal and State Law concerning assault and battery

VI. Relief Requested (Continued) (Page 2 of 2)

and safety is cause alone. Plaintiff suffered multiple injuries to his wrists, back, and neck. Plaintiff whom already suffered from PTSD (Documented) has since this incident had increased symptoms of PTSD and has had to have his medication dosage increased.

3.) Plaintiff seeks compesatory damages from C.O. Sailor in the amount of $50,000.00.

4.) C.O. Sailor sat complicit while Plaintiff was being assaulted.P.

5.) C.O. Sailor failed to intervene thus Plaintiff continued to suffer injury that had C.O. Sailor done his required duty he would not have suffered.

6.) Furthermore C.O. Sailor's failure added to Plaintiff's continued emotional instability PTSD, and fear that C.Officers will not protect him.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES ☒ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date:_____Case #: _____

    Court: _____

2. Date:_____Case #: _____

    Court: _____

3. Date:_____Case #: _____

    Court: _____

   *(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?

☐ YES ☒ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2.   Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relating to the conditions of your confinement?

☐ YES   ☒ NO

If you answered yes, identify all lawsuits:

1.   Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2.   Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

3.   Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

5. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

*(Attach additional pages as necessary to list all cases.* **Failure to**

**disclose all prior cases may result in the dismissal of this case.)**

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 2-23-22 Plaintiff's Signature: DA'Shaun Brooks

Printed Name of Plaintiff: DA'SHAUN BROOKS # H40839

Correctional Institution: Florida State Prison

Address: P.O. Box 800 Raiford Florida 32083 (FSP)

I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in

the prison's mail system for mailing on the __FeB__ day of __23__,

20__22__.

Signature of Incarcerated Plaintiff: _Da'Shaun Brooks_

Honorable J. Frank
United States Magistrate

**LEGAL MAIL**
Provided to Florida State Prison on ____ for mailing by ____

Case NO: 4:21-cv-182-WS/MJF

Sir,
    I have filed herein the 4th Amended
Complaint to the above entitled cause.
After review of your Feb 8th order I
feel it in my best interest to reduce
my claims to two. One claim against
Officer Flin~ and One Claim against
Officer Sailor. Defendant Jamison
has been ommitted from the current
Amendment and no action against him
will be pursued.
    Thank you Sir for your time, patience,
assistance and consideration of my claims.

Respectfully,

DA'SHAUN BROOKS
DOC # H40839
Florida State Prison
P. O. Box 800
Raiford FL 32083

DA'SHAUN Brooks #H40839.

Florida State Prison.

P.O. Box 800.

Raiford Fl. 32083-0800

United States D...

Court,

1 N. Palafox St...

Pensacola Fl. 32...

**LEGAL MAIL**

RECEIVED FEB 25 2022

LEGAL MAIL
Provided to Florida State Prison on
for mailing by