## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE CITY DIVISION

**DA'SHAUN BROOKS**
**DOC # H40839**,

      Plaintiff,

v.                                    Case No. 4:21-cv-182-WS/MJF

**ELIAS, ET AL.**,

      Defendants.

_____/

## DEFENDANTS' RESPONSE TO THIS COURT'S ORDER

**Elias** and **Sailor** ("Defendants"), by and through undersigned counsel, respond to this Court's "Order to Show Cause," (Doc. 48),[1] and state the following in support thereof:

## STATEMENT OF FACTS

1. Da'Shaun Brooks ("Plaintiff"), is a prisoner in the custody of the Florida Department of Corrections ("FDOC") who is currently housed at Florida State Prison. *See* FDOC's Offender Search page, http://www.dc.state.fl.us/AppCommon (last visited September 23, 2022) (Da'Shaun Brooks, DOC# H40839).

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

2. Plaintiff filed his Second Amended Complaint on February 23, 2022. *See* (Doc. 35).

3. On August 29, 2022, this Court issued an Order to Show Cause why a Default should not be entered. *See* (Doc. 48). The response is due by September 28, 2022. *Id*. at 2.

4. Simultaneous to the filing of this Motion, undersigned counsel filed a Notice of Appearance and Motion for Extension of Time on behalf of Defendants.

5. The reason why no Responsive Pleading has been filed on behalf of Defendants is due to no fault of Defendants, but rather an administrative oversight within the Florida Department of Corrections ("FDC").

6. After recognition of the oversight, FDC requested representation for Defendants, and undersigned counsel has now filed this Response, a Notice of Appearance on behalf of Defendants, and the additional Motion for Extension of Time.

## **MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend" the court may enter a default judgment against the party. Fed. R. Civ. P. 55. "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions,"

and further, there is a "usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver*, 773 F. 2d 1169, 1174 (11th Cir. 1985) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F. 2d 885, 887 (5th Cir. 1968), *cert. denied*, 392 U.S. 928 (1968)). *See also Owens v. Benton*, 190 Fed. App'x 762, 763 (11th Cir. 2006); *Bank of New York v. Brunsman*, 683 F. Supp. 2d 1300, 1303-04 (M.D. Fla. 2010). However, the Eleventh Circuit has stressed that even if a default has been entered, the default may still be set aside if good cause is shown:

> "Good cause is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F. 2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id*. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F. 3d 238 at 243 (2d Cir. 1994); *see also Robinson v. United States*, 734 F. 2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g.*, *Dierschke v. O'Cheskey*, 97 F. 2d 181, 184 (5th Cir. 1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. *Id*. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F. 2d 190, 194-95 (6th Cir. 1986).

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F. 3d 948, 951-52 (11th Cir. 1996). *See also Bank of New York*, 683 F. Supp. at 1302-04.

In this case, the reason for the lack of response was not due any fault on behalf of Defendants. As demonstrated above and based on the recent actions taken in this Court by means of the additional filings, Defendants wish to defend the case which Plaintiff has pursued against them. The Eleventh Circuit has expressed a "strong preference that cases be heard on the merits" and Defendants should be given an opportunity to defend this case as the reason for a lack of timely response was not their fault. *Owens*, 190 Fed. App'x at 763.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Court accept their Motion for Extension of Time, filed simultaneous to this Motion and that the Motion be granted.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Response to this Court's Order* was e-filed electronically through CM/ECF on September 23, 2022, and furnished by U.S. Mail to: Da'Shaun Brooks, DC# H40839, Florida State Prison, P.O. Box 800, Raiford, FL 32083, on September 23, 2022.

<u>s/ Erik Kverne</u>
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com
